SCANNED at WVCF and Emailed on
2-10-25 by SG - 23 pages.
(date)    (initials)    (num)

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DeAundra Patterson, | ) | |
| Petitioner. | ) | |
| | ) | Cause No.  2:25-cv-00075-JPH-MG |
| V. | ) | |
| Madison County Sheriff's Department, | ) | |
| Q.C.C Health Service | ) | |
| Defendants. | ) | |

**FILED**

**02/10/2025**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**PRISONER COMPLAINT**

**42 U.S.C. § 1983**

**A. PLAINTIFF.**

DeAundra Patterson #197951 Wabash Valley Correctional Facility P.O. BOX 1111 CARLISLE, IN 47838.

2. The things I am suing about happened at the Madison County Jail. I am currently held Wabash Valley Correctional Facility P.O. BOX 1111 CARLISLE, IN 47838.

3. The things I am suing about happened after conviction, while confined and serving a sentence at the Wabash Valley Correctional Facility, while returned to the Madison County Jail for Post-conviction relief Court proceedings.

**B. DEFENDANTS**

1. Sherriff John L. Beeman, Madison County Sheriff's Department.

2. Deputy Frances, Madison County Sheriff's Department.

3. Deputy J. Humes, Madison County Sheriff's Department.

4. Deputy Stevens, Madison County Sheriff's Department.

5. Corporal Waughn, Madison County Sheriff's Department.

6. Corporal Mohammed, Madison County Sheriff's Department.

7. Nurse Erin, Q.C.C Health Medical Services.

**C. GRIEVANCE PROCEDURE**

There is a prisoner grievance system at the Madison County Jail. Patterson did file and follow grievance procedures concerning these claims. Please see attached response from Madison County Jail grievance procedure. **(Exhibit #1).**

**D.1 COMPLAINT**

This cause of action is brought against The Madison County Sheriff's Department, and specifically, Sherriff John L. Beeman, Deputies Frances, J. Humes, and Stevens; Corporal Waughn, and Mohammed; along with specific staff member Nurse Erin employed with Q.C.C Health Medical services the medical provider at the Madison County Jail. The defendants use a

continuing, systematic practice of creating unreasonable barriers to deny access to medical care, deprivation, and excessive delays in responding to medical emergencies, calling medical signals in the Jail, providing active doctor ordered prescriptions, medical procedures, and medical treatments for chronic conditions with deliberate indifference to Patterson's serious medical needs; After Patterson had cried out with verbal Request for Health Care, informed defendants of his chronic asthma, the medication he required, his need of his rescue inhaler, and where his medications were located. Patterson then had a severe asthma attack in his cell and the cell block day room and was denied medical care instead applied unnecessary force, handcuffed damaging the nerves in his wrist and hand, and thrown in his one-man cell for a time; with deliberate indifference. The defendants have adopted a policy of inaction; either intentionally, inexplicably, or due to total unconcern. Resulting in Patterson bearing unnecessary and wanton infliction of severe asthma attacks, pain and suffering for extended periods of time. All defendants took part, and, or played an active role, and the cumulative effect of all actions imposed cruel and unusual punishment violating Patterson rights.  Each defendant is defined as a person under 42 U.S.C. § 1983 while acting under color of law, liable for the violation of Patterson Federally protected rights specifically the "Right to be free from cruel and unusual punishment", "Subjecting conditions of confinement to 8th amendment scrutiny" United States Constitution 8th Amendment.

## D.2 STATEMENT OF CLAIM

Patterson informed defendants through the Jail intercom system of his chronic asthma and the medication he required, he was in need of his rescue inhaler, he was returned from prison with his asthma inhalers the Wabash valley correctional facility medical staff provided to deputies before he left his facility with medication instructions, the deputy name who transported

him, and where his medications were located. Patterson then had a severe asthma attack in the cell block day room was denied medical and instead applied unnecessary force, handcuffed, and thrown in his one-man cell for hours The defendants denied the plaintiff access to medical care for hours, with deliberate indifference, and adopted a policy of inaction; either intentionally, inexplicably, or due to total unconcern. Resulting in Patterson bearing unnecessary and wanton infliction of severe asthma attacks, pain and suffering for extended periods of time.

At birth in 1986 plaintiff was born at Ball Memorial Hospital in Muncie Indiana. Plaintiff suffered respiratory failure and had to be medevacked to riley hospital for children in Indianapolis Indiana. Plaintiff spent his first 30 days of life at Riley children's hospital and was diagnosed with pneumonia and acute bronchitis which turned into chronic Asthma. Patterson has been on multiple inhalers such as Albuterol, Proventil, Advair, prime tine mist, has been hospitalized, and was provided a take home breathing machine which required mixing liquid medications and taking breathing treatments 3 times per day since his child hood these medications were paid for since childhood by Medicaid. Upon arrival at the Indiana department of corrections in 2010-2011 Patterson was prescribed an albuterol rescue inhaler to be kept on his person at all times to treat his chronic asthma, and began being treated for chronic asthma by Indiana department of corrections doctors. Patterson has been enrolled in chronic care clinic since arrival in the I.D.O.C. Upon arrival at the Wabash Valley Correctional Facility in early 2014 Patterson was prescribed an albuterol rescue inhaler to be kept on his person at all times to treat his chronic asthma. Patterson was prescribed to take the inhaler two puffs four times daily and to be provided an inhaler ever (30) thirty days. (SEE. EX.2).

On 3-14-23 at appoximatelly3:00P.M. DeAundra Patterson was Transported to the Madison County Jail from the Wabash Valley Correction Facility by sheriff deputy Frances. The

Madison County Jail is equipped with a medical station and an infirmary; that is fully accessible equipped to handle medical issues that may arise, has the capability to provide oxygen, breathing Treatments to inmates at need, and contains all inmate's medications at the jail. Wabash Valley Correction Facility staff provided deputy Frances with doctor's instructions and Patterson Air Duo, albuterol, and triliptol medication for his serious chronic Asthma and Pain. Wabash Valley Correction Facility officer Bian informed deputy Frances Patterson had not been provided his triliptol for pain and medical said he would need to be provided his triliptol upon arrival at the Jail. Upon arrival at the Madison County Jail on 3-14-23 at approximately 5-6 P.M. Deputy Frances provided all Patterson medications to Madison County Jail medical staff and began to book Patterson in the Jail. During book in Patterson requested his medication due to pain, difficulty breathing, and informed Frances that his doctor prescribed his inhalers to be kept on him at all times and was allowed to do so at Wabash Valley Correction Facility deputy Frances stated he gave the medication to medical and Patterson could not have the Inhalers due to Policy at the jail, and no Medical staff were here to administer the Medication to Patterson. Patterson was then booked into the Jail and taken up to cell block F a Twenty-three (23) hour a day lock down classification block at that time.

Later in the night on 3-14-23 between 5-10 P.M due to having a severe asthma attack during Jail check Patterson told Deputy J. Hums he was transported from Wabash Valley Correction Facility for Court, had not used his inhaler for hours before being transported from prison and requested his medications due to having asthma attack wheezing, tightness in his chest and difficulty breathing, doctors instructions regarding keeping his inhaler on him at all times specifically Patterson albuterol rescue, for his serious chronic. Patterson also told Deputy J. Humes he was in pain, and was due to take his Triliptol for pain upon arrival at the jail and has

not been provided any of his medications. J. Humes simply continued on. during a second Jail check at between 11:45P.M. on 3-14-23or in the early Morning hours of 3-15-23 Patterson again reminded Deputy J. Humes he still can't breathe and desperately needs his medication or needed to go to the hospital for a breathing treatment because he can't breathe, stop wheezing, and coughing. Deputy J. Humes simply stated on a quick walk by "I can't help you and they didn't answer the radio" and didn't even stop as Patterson desperately pleaded for help.

Later in the night on 3-14-23 between 10P.M and 1 A.M on 3-15-23 Patterson told a Unknown African American deputy due to the severe asthma attack he was currently having the situation with deputy Frances and the same facts he told Deputy J.Humes regarding not using his inhaler for hours before being transported from prison and requested his medications due to having asthma attack wheezing, tightness in his chest and difficulty breathing, doctors instructions regarding keeping his inhaler on him at all times specifically Patterson albuterol rescue, for his serious chronic; and his need for the inhaler now. This Deputy stated "we don't have a nurse until A.M." Patterson ask "What is the protocol for obtaining medication or treatment do to not medical staff at the facility" the deputy stated "well try to keep an eye out but we may have to take you to the hospital" Patterson stated " I request to go to the hospital or be provided a breathing treatment or inhalers" this deputy walked off and never replied or returned.

On 3-15-23 between 7-10 A.M. during jail check Patterson informed Corporal Mohammed he could not breath, he came from Wabash, hadn't had his medica-tions for chronic asthma, all other fact's relayed to all defendants, and he needed his inhaler's immediately. Mohammed stated "They should'nt have sent you up to the block until medically cleared. I cant help you this is the process the doctor come in later".

On 3-15-23 nurse Erin does medication pass Patterson informs her of his status of being trans-ported from Wabash, his chronic disease's, his lack of being provided his inhalers, and his need for inhalers due to current inability to take in oxygen, wheezing, sweating, chest tightness, and shortness of breath. Patterson inform-ed Erin of all facts related to medications and conditions as he did all other defendants. Patterson pled with the nurse to help, take him to medical, or call for help because he felt he may stop breathing. Patterson ask for a breathing treat-ment. Erin stated "I don't have your medication on my cart" Patterson stated "I die my blood is on your hands I need help, I cant breath". Erin state's "You should consider your frustration's because I am the person who can choose to help you or not to help you, bring your medication or not bring your medication". Erin has the block door shut, to not return or take any further concern with Patterson seriouse medical need's.

Erin action's clearly demonstrate she chose to not help Patterson, or provide medication.

On 3-15-23 between 5-8:45 P.M. Patterson had a severe asthma attack in his cell F-245, waved his towel, had other inmate's get Corporal Waughn attention to call for help. After about fifty (50) minutes of other inmate's banging and waving towels Waughn open's Patterson door he stumbles down the stairs and informs Waughn of all Facts regarding his arrival from prison, chronic asthma, restricted lung disease, need for inhalers, and all other facts conveyed and discussed with all other deputies in this action. Waughn state's "You wait until next medication pass, go lock down now". Patterson collapsed on the dayroom table unable to inhale enough air to stand, only able to say "help". Waughn scream's through the jail intercom" IM not hiting a signal or calling the ambulance, go back up the stairs and lock down". Deputy Stevens and an unknown deputy happend to come by the block see Patterson, come in, handcuff, and drag Patterson limp body up the concrete jail steps while Patterson wheezed and gaspe for air, and said "help asthma medicine". Stevens and unknown deputy lay Patterson in his cell uncuff him, and shut's the door. Patterson is sweating perfusely wheezing, and low on oxygen and state's "Asthma Attack" to Steven's. Approximately forty-five (45) minutes later Stevens returns with Patterson albuterol sulfate, and Flutica son propionat/ salmeterol for his chronic lung conditions. Patterson suffered a severe asthma attack up until this point with no medical intervention or medication that was within arm reach of jail staff

On 3-16-23 between 10:30 A.M. and 12:00 P.M Patterson attends Medication call at the door of F-Block. Nurse

Erin does medication pass, and provided Patterson his famotidine, triliptol, and albuterol sulfate inhaler, but does not provide Patterson Fluticasone propionate/salmeterol. Patterson explained to Erin he needed the Inhaler and must take it in the morning and at night as it is a prevental inhaler that is designed to keep Patterson from having asthma attacks. Nurse Erin stated "I'm not answering no more questions, it's not in my cart, and I'm not going to get no meds, Q.C.C. is the medical provider if you don't like it you can take it up with them, Brown shut the door. Deputy Brown shut the door and nurse Erin continued her med pass never to provide Patterson inhaler. Between 12:00 and 3:00 P.M. Patterson requested grievance Form From Deputy Brown and Jenkins who both stated Grievances are done on the Kiosk. Patterson informed the deputies he had been incarcerated, and does not know how to use the jail Kiosk so please send a person to help File a medical grievance as he has been denied his medications. Corporal Mohammed istructs Patterson how to use the jail Kiosk system,

At approximately 9:00 P.M. Patterson attends medication pass and request albuterol sulfate, and fluticason propionat/salmeterol inhalers due to having asthma attack, wheezing, pain, sweating, and tightness in chest with very limited ability to breath in air. Erin state's "I don't have your inhalers on my cart they may be down stairs". Erin provided Patterson Famotidine for G.E.B.D and triliptol walked off and never provided Patterson Asthma Medication's Patterson never recieved any medical treatment or saw a provider at Jail. Madison County sheriff John L. Beeman had no policy or 24/7 medical provider in Place to address sudden Medical emergencies

Sherriff Beeman had no adequate policy Prisoners returning from the Indian department of correction with multiple chronic illnesses that require multiple daily medications. Deputies working at the jail were untrained, unable or unwilling to provide or administer rescue medications. Sherriff Beeman had no adequate policy for keep on person medication prescriptions, inhalers or quick administration of inhalers with or without medical staff available; but had a policy to confiscate inhalers and leaving rescue medication administration at the discretion of staff availability, and or discretion and not serious medical needs; departing from accepted medical norms and doctor's prescription orders. Q.C.C. health service has a practice and custom of failing to train staff to organize, follow prescriptions, locate, and timely provide medication; a custom denying, delaying, failure to administer medications entirely without remedy; or medical emergency. The defendants were deliberately indifferent to Patterson serious medical needs multiple times and place Patterson in cruel and unusual medical conditions of confinement, subject to death in a moldy, dirty, rusty, poorly ventilated over (30) year old Madison County jail cell.

## E. JURISDICTION

DeAundra Patterson is suing for a violation of federal law under 28 U.S.C. § 1331.

## F. RELIEF WANTED

**F.1** For the claims Patterson listed in this action DeAundra Patterson request Four Hundred Fifty Thousand Dollars$ jointly and severally1. Sherriff John L. Beeman, Madison County Sheriff's Department.2. Deputy Frances, Madison County Sheriff's Department.3. Deputy J. Humes, Madison County Sheriff's Department.4. Deputy Stevens, Madison County Sheriff's Department.5. Corporal Waughn, Madison County Sheriff's Department.6. Corporal

Mohammed, Madison County Sheriff's Department.7. Nurse Erin, Q.C.C Health Medical Services for compensatory damages for his pain and suffering.

**F.2** For the claims Patterson listed in this action DeAundra Patterson request Four Hundred Fifty Thousand Dollars$ jointly and severally severally1. Sherriff John L. Beeman, Madison County Sheriff's Department.2. Deputy Frances, Madison County Sheriff's Department.3. Deputy J. Humes, Madison County Sheriff's Department.4. Deputy Stevens, Madison County Sheriff's Department.5. Corporal Waughn, Madison County Sheriff's Department.6. Corporal Mohammed, Madison County Sheriff's Department.7. Nurse Erin, Q.C.C Health Medical Services for Punitive damages to deter and punish the defendants for this conduct; plaintiff request this Honorable Court set a financial precedent encouraging the prohibition of cruel and unusual treatment of marginalized prisoners.

**G.** JURY DEMAND

I DeAundra Patterson want a jury to hear my case.

Dated this ____ 2/10/2025 _____

Respectfully Submitted, DeAundra Patterson #197951-P-123; Wabash Valley Correctional Facility P.O. BOX 1111CARLISLE, IN 47838.

Signature of Plaintiff

## VERIFICATION

I, DeAundra Patterson, do hereby affirm, under the penalties for perjury that the foregoing representations are true and correct to the best of my knowledge and belief.

*De Aundra Patterson*

## AFFIDAVIT OF SERVICE

I, DeAundra Patterson, hereby certify that under the penalty of perjury on this _Q - 10 - 25_.

_____I served a true and correct copy of the forgoing PRISONER COMPLAINT

42U.S.C. § 1983 was served upon the defendants and the UNITED STATES DISTRICT

COURT SOUTHERN DISTRICT OF INDIANA INDIANAPOLIS DIVISION at, Indiana; by

the Wabash valley correctional facility prisoner E-file system.

*De Aundra Patterson*

, Pro Se