UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEAUNDRA PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-00075-JPH-MG |
| | ) |
| MADISON COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Deaundra Patterson is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He alleges in this case that, when he was held at the Madison County Jail (the "Jail"), he was denied medication and treatment for his asthma and subjected to excessive force. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Patterson names the following defendants: (1) Sheriff John Beeman; (2) Deputy Frances; (3) Deputy Humes; (4) Deputy Stevens; (5) Corporal Waughn; (6) Corporal Mohammed; (7) Nurse Erin; (8) Madison County Sheriff's Department; and (9) QCC Health Services. Mr. Patterson's factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Patterson has suffered from asthma throughout his life and requires a rescue inhaler and other medication. On March 14, 2023, Mr. Patterson was transported from Wabash Valley to the Jail. He told Deputy Frances, who transported him, that he needed his medication and that he needed to be able to keep his medication on his person. Deputy Frances provided Mr. Patterson's medications to Jail medical but told him that no medical staff were available to distribute it, and that Mr. Patterson could not keep his inhalers with him because of Jail policy. Later that day, Mr. Patterson started having a severe asthma attack. He asked Deputy Humes for his medications for asthma and

2

pain, but Deputy Humes didn't help him. After that, Mr. Patterson asked a non-party deputy for help and that deputy told him that the Jail did not have a nurse until the morning. The next morning, Mr. Patterson told Corporal Mohammed he could not breathe and needed his medication, but Corporal Mohammed told him he could not help. That day, when Nurse Erin was passing medications, Mr. Patterson spoke to her about his condition, but she did not provide him with his medication or otherwise treat him. That evening, Mr. Patterson had another asthma attack and Corporal Waughn was called for help. Corporal Waughn told him to lockdown and wait for the next medication pass. Mr. Patterson collapsed on the day room floor. Deputy Stevens and another deputy handcuffed Mr. Patterson and dragged him up the steps to his cell. Deputy Stevens returned about 45 minutes later with Mr. Patterson's inhaler.

On March 16, 2023, Nurse Erin provided Mr. Patterson with some, but not all, of his medication.

Sheriff Beeman did not have a policy in place to ensure that prisoners transported to the Jail from the Indiana Department of Correction received their medication, to ensure that prisoners are allowed their keep-on-person medications, or to ensure that there are medical staff on hand to treat overnight emergencies. Similarly, QCC has a practice of failing to train staff to timely provide medications and a custom of failing to medications.

Mr. Patterson seeks monetary damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, any claim against Deputy Francis is **dismissed**. The constitutional provision implicated by Mr. Patterson's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). For an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mr. Patterson alleges only that Deputy Francis transported him to the Jail and that Jail policy didn't allow him to keep his inhaler on his person. There are no allegations that Deputy Frances had any further involvement in Mr. Patterson's treatment at the Jail. There are also no allegations that Deputy Frances was aware during his interaction with Mr. Patterson that he was at risk for an imminent severe asthma attack or that

medical staff would not treat him after he was processed into the Jail. Mr. Patterson therefore has not alleged that Deputy Frances was aware of a substantial risk to Mr. Patterson and disregarded it.

Mr. Patterson's claim that he was denied treatment for his asthma shall proceed as Eighth Amendment deliberate indifference claims against Sheriff Beeman, Deputy Humes, Deputy Stevens, Corporal Waughn, Corporal Mohammed, and Nurse Erin. This claim shall also proceed against the Madison County Sheriff's Department and QCC Health Medical Services under the theory recognized in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Finally, the claim that Deputy Stevens handcuffed Mr. Patterson and dragged him up the stairs while he was having an asthma attack shall proceed as an Eighth Amendment excessive force claim.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 4, 2025,** in which to file a motion to reconsider the screening order.

The **clerk is directed** to add Sheriff John Beeman, Deputy Humes, Deputy Stevens, Corporal Waughn, Corporal Mohammed, and Nurse Erin as defendants on the docket.

## IV. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of

the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 5/12/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEAUNDRA PATTERSON
197951
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Madison County Sheriff's Department
720 Central Ave
Anderson, IN 46016

Sheriff Beeman
720 Central Ave
Anderson, IN 46016

Deputy Humes
720 Central Ave
Anderson, IN 46016

Deputy Stevens
720 Central Ave
Anderson, IN 46016

Corporal Waughn
720 Central Ave
Anderson, IN 46016

Corporal Mohammad
720 Central Ave
Anderson, IN 46016

Nurse Erin
QCC Health Medical Services
Madison County Jail
720 Central Ave
Anderson, IN 46016

QCC Health Medical Services
Madison County Jail
720 Central Ave
Anderson, IN 46016